UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ASLLAN MUJA,

           Petitioner,

-against-

UNITED STATES OF AMERICA,

           Respondent.
----------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

**MEMORANDUM & ORDER**

**10-CV-2770 (NGG)**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 16 2011 ★
BROOKLYN OFFICE

On June 15, 2010, Petitioner pro se Asllan Muja ("Muja") petitioned for a writ of habeas corpus under 28 U.S.C. § 2255, challenging his 2002 conviction on drug trafficking and money laundering charges. (Pet. (Docket Entry # 1).) Muja has filed numerous motions in connection with his § 2255 petition. As set forth below, Muja's motions (1) to appoint counsel (Docket Entry # 2); (2) for bail release pending the resolution of his § 2255 motion (Docket Entry # 4); (3) to strike any Government response to his motion for bail release and to grant that motion as unopposed (Docket Entry # 7); (4) to strike any Government response to his § 2255 petition and to grant that petition as unopposed (Docket Entry # 9); (5) to impose sanctions (Docket Entry # 14); (6) for an order to show cause as to why default judgment should not be granted (Docket Entry # 20); and (7) for "omnibus relief" (Docket Entry # 23) are denied. As further set forth below, Muja's motions to produce portions of the trial transcript and copies of certain documents from his related criminal case (United States v. Muja, 00-CR-240-10 (NGG)) are granted.

I.     **DISCUSSION**

    A.     **Motion to Appoint Counsel**

On June 17, 2010, Muja filed a motion for the appointment of counsel. (Docket Entry # 2.) As a habeas corpus petitioner, Muja has no constitutional right to counsel. See Green v.

1

Abrams, 984 F.2d 41, 47 (2d Cir. 1993) (citing United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715 (2d Cir. 1960)). Instead, the court has the discretion to appoint counsel to represent a pro se habeas petitioner "[w]henever . . . the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In deciding whether to appoint counsel to represent an indigent civil litigant, the court

> should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).[1] Upon a preliminary review of the pleadings to date, the court finds that Muja has failed to meet the threshold requirement of showing that his § 2255 claims are "likely to be of substance." Accordingly, his motion to appoint counsel is denied.

### B. Motion for Bail Release

On September 1, 2010, Muja filed a motion for bail release pending the resolution of his § 2255 petition. (Docket Entry # 4.) "The standard for bail pending habeas litigation is a difficult one to meet: The petitioner must demonstrate that the habeas petition raises substantial claims and that extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective." Grune v. Coughlin, 913 F.2d 41, 44 (2d Cir. 1990) (internal citation omitted). Furthermore, courts in this district have reasoned that "there must be a demonstrated likelihood that the petition will prevail, based upon claims of a

---

[1] Although Hodge involved a claim under 28 U.S.C. § 1915, its factors "are also useful standards to be applied in determining whether the interests of justice require the appointment of counsel for a petitioner in a habeas corpus proceeding." Jackson v. Moscicki, No. 99-CV-2427 (JGK), 2000 U.S. Dist. LEXIS 5577, at *4 (S.D.N.Y. Apr. 27, 2000).

2

substantial nature upon which the petitioner has a high probability of success, and demonstrating merits that are more than slightly in petitioner's favor, so that victory for petitioner can be predicted with confidence." Beras v. United States, No. 05-CV-2678 (SWK), 2007 U.S. Dist. LEXIS 5273, at *3 (S.D.N.Y. Jan. 24, 2007) (internal quotation marks and citation omitted). Muja fails to satisfy this burden because he has not demonstrated that his § 2255 petition raises "substantial claims" that are likely to prevail. Accordingly, his motion for bail release is denied. For the same reason, Muja's motion to strike any Government response and to grant his bail motion as unopposed (Docket Entry # 7) is denied as well.

### C. Motion to Grant § 2255 Petition as Unopposed

On January 3, 2011, Muja filed a motion to strike any Government response to his § 2255 petition and to grant the petition as unopposed because the Government did not timely file its response or timely seek an extension. (Docket Entry # 9 at 1.) Muja, however, is incorrect. Muja filed his § 2255 petition on June 15, 2010 (Docket Entry #1), and on August 16, 2010, the court issued an order to show cause that required the Government to file its response within sixty days (Docket Entry # 3). The Government's response was thus due on October 15, 2010. On October 14, 2010, the Government timely sought an extension of time to file its response (Docket Entry # 5), which the court granted (Docket Entry # 6). The Government twice more timely sought extensions to file its response, and the court granted both motions. (Docket Entry ## 8, 10, 11.) The Government timely filed its response by January 31, 2011. (Docket Entry # 12.) Accordingly, Muja's motion to strike the Government's response as untimely and to grant his § 2255 petition as unopposed is denied.

3

### D. Motion to Impose Sanctions

On February 16, 2011, Muja filed a motion to impose sanctions against the Government. (Docket Entry # 14). Muja claims that the Government misrepresented that it served him copies of its requests for extensions of time, and that he only received notice of such requests after receiving court-provided copies. (Id. at 1-4.) In each of its extension requests, however, the Government clearly indicated that it sent a copy to Muja "Via U.S. Mail." (See Docket Entry ## 5, 8, 10.) Accordingly, Muja's motion for sanctions is denied. The Government is reminded to continue to properly serve Muja with all its submissions.

### E. Motion for Default Judgment

On March 23, 2011, Muja filed a "motion for an order to show cause as to why a default judgment should not be granted based on government's repeated inexcusable delays to respond to the § 2255 [petition], or, in the alternative, why a hearing on government's default should not be held, and why petitioner should not be enlarged on bail pending a hearing and why sanctions should not be imposed." (Docket Entry # 20 at 1.) At the outset, the court notes that this motion is duplicative of Muja's previous submissions. Because the court denies his previous motions, it similarly denies this motion as meritless. In any event, the court would decline to enter a default judgment for Muja based on the Government's alleged untimely filings. See Bermudez v. Reid, 733 F.2d 18, 21-22 (2d Cir. 1984) (finding that judgment by default cannot be obtained in habeas proceedings brought against the United States "unless the claimant first establishes 'his claim or right to relief by evidence satisfactory to the court'") (quoting Fed. R. Civ. P. 55(e)). Because Muja has not met this burden, he is not entitled to a default judgment on his § 2255 petition.

### F. Motion for "Omnibus Relief"

On March 30, 2011, Muja filed a motion for "omnibus relief" in which he asks the court, pursuant to Rules 6 and 7 of the Rules Governing § 2255 Proceedings, to (1) order his previous appellate counsel, Randa Maher, to surrender Muja's trial file to Muja; and (2) compel the Government to provide Muja with certain discovery materials and court documents that either Maher had previously turned over to the Government during discovery or that the Government maintains in its possession. (Docket Entry # 23.) For the court to grant Muja's requests for discovery, he would have to first demonstrate "good cause" to request the materials by making "specific allegations . . . [showing] reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997); see also Rules Governing § 2255 Proceedings, Rule 6(a), (b). Upon a preliminary review of the pleadings to date, the court determines that Muja has failed to satisfy this burden. Accordingly, his motion for "omnibus relief" seeking the surrender of his trial file and the production of discovery materials is denied.

### G. Motions to Produce Trial Transcript and Other Documents

On February 16, 2011, Muja filed a motion requesting the production of the following documents from his related criminal case, United States v. Muja, 00-CR-240-10 (NGG): Docket Entry ## 200, 213, 219, 220, 221, 227, 328, 329, and 337. (Docket Entry # 15.) In light of Muja's pro se prisoner status, and the unlikelihood of accessing such public docket entries, his motion is granted.

Additionally, on April 12, 2011, Muja filed a motion requesting that the Government provide him with pages 51-283 of the trial transcript, which the Government referenced in its response to Muja's § 2255 petition. (Docket Entry # 24.) This motion is also granted pursuant

5

to Rule 5(c) of the Rules Governing § 2255 Proceedings, which provides that "[i]f the answer refers to briefs or transcripts of the prior proceedings . . . the judge must order the government to furnish them within a reasonable time that will not unduly delay the proceedings."

## II. CONCLUSION

As set forth above, Muja's motions concerning the production of portions of the trial transcript and docket entries from his criminal case are GRANTED. Muja's remaining motions are DENIED. The Clerk of Court is directed to mail the following documents to Muja from United States v. Muja, 00-CR-240-10 (NGG): Documents ## 200, 213, 219, 220, 221, 227, 328, 329, and 337. Additionally the Government is directed to provide Muja with pages 51-283 of the trial transcript of his criminal case within thirty (30) days of the date of this order.

SO ORDERED.

Dated: Brooklyn, New York
May 13, 2011

s/Nicholas Garaufis
NICHOLAS G. GARAUFIS
United States District Judge